IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD CRAVERO,

    Petitioner,

v.                                        CASE NO. 4:13cv511-RH/CAS

SECRETARY, DEPARTMENT OF
CORRECTIONS, STATE OF FLORIDA,

    Respondent.

_____/

## ORDER DENYING A TRANSFER

The petitioner Richard Cravero is in federal custody and is subject to a detainer lodged by the respondent State of Florida Department of Corrections. Mr. Cravero filed in the United States District Court for the Central District of California a petition for a writ of habeas corpus under 28 U.S.C. § 2241. That court transferred the case to this district—the Northern District of Florida—as the district where the Florida Department of Corrections has its headquarters.

The case is before the court on the magistrate judge's report and recommendation, ECF No. 14, and the objections, ECF No. 15. I have reviewed *de novo* the issues raised by the objections.

Case No. 4:13cv511-RH/CAS

The report and recommendation concludes that the petition should be transferred again, this time to the *Southern* District of Florida. The conviction that gave rise to the pending detainer was entered in a state court within the Southern District. If the petition challenged the validity of that conviction, transfer to the Southern District would be proper. But in the objections to the report and recommendation, Mr. Cravero has renounced any challenge to the state-court conviction. Mr. Cravero says he challenges only the detainer, based on the manner in which the state sentence is being executed. This order holds that the petition is properly in the Northern District of Florida.

I

In 1975 Mr. Cravero was convicted in federal court (the Southern District of Florida) on charges that included supervising a continuing criminal enterprise. He was sentenced to 45 years in prison. That same year, Mr. Cravero was convicted in a Florida state court of homicide and sentenced to life in prison with a requirement to serve at least 25 years before release on parole. Mr. Cravero was later convicted in federal court (again the Southern District of Florida) of additional crimes and sentenced to another five years to run consecutively to the prior federal and state sentences.

Mr. Cravero first began serving time in a Florida state prison. He served more than 12 years but escaped in 1987. He was arrested by a state and federal

joint task force in 1988. According to the petition, the state and federal authorities agreed that Mr. Cravero should be transferred to a maximum-security federal facility to begin serving his federal sentence. Mr. Cravero was placed in a federal facility in Illinois. Some time later he was moved to a federal facility in California. He is still there.

Mr. Cravero complains that in 1988 the Florida Department of Corrections issued a detainer that falsely indicated he was still a fugitive. Mr. Cravero says this was improper because the state—through its officials in the joint task force—had custody of him once he was captured. Mr. Cravero says the state lost or waived jurisdiction over his state sentence—or should have restarted the state sentence—when the task force captured him in 1988. Mr. Cravero asserts that the state detainer is invalid.

II

Based on this understanding of the petition, Mr. Cravero is not challenging the state-court conviction. He is instead challenging how the sentence is being executed. Such a challenge is properly brought under 28 U.S.C. § 2241. *See Antonelli v. Warden , U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241."); *see also United States v. Hudson*, No. 97-50960, 1998 WL 611697, at *1 (5th Cir. 1998) (per curiam)

("[The prisoner's] motion to have the detainer removed was a challenge to the manner in which his sentence is being executed.").

The issue is whether the petition can be brought in this district on the ground that it is the district where the entity that lodged the detainer is located. The answer is yes.

The controlling case is *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). In that case charges were pending against Mr. Braden in Kentucky while he was in custody in Alabama. Mr. Braden filed a § 2241 petition in federal court in Kentucky asserting a federal constitutional right to a speedy trial on the Kentucky charges. The district court granted relief, but the Sixth Circuit reversed, holding that a § 2241 petition can be filed only where the petitioner is in custody.

The Supreme Court granted certiorari "to resolve a sharp conflict among the federal courts on the choice of forum where a prisoner attacks an interstate detainer on federal habeas corpus." *Braden*, 410 U.S. at 488 (footnote omitted). The Court held that a challenge to a detainer can be brought not only in the district where the petitioner is in custody but also in a district where the respondent can be served with process—that is, a district where the entity that lodged the detainer is located. In *Braden* that meant the petition could be filed in the district in Kentucky where the state case was then pending and the detainer was issued, even though the

petitioner was in custody in Alabama.  Here that means the petition can go forward in the district where the respondent Florida Department of Corrections—the entity that filed the detainer—is located, even though the petitioner is in custody in California.

Whether the petition could also go forward in the Southern District of Florida—the district where the state-court conviction was entered—may be unclear.  At least at this point, however, there is no reason to believe that the dispute over the validity of the detainer can be resolved in the Southern District any more conveniently than here.  At least at this time, it cannot be said that transfer to the Southern District will serve "the convenience of parties and witnesses" or "the interest of justice."  28 U.S.C. § 1404(a).  The case will go forward in this district.

### III

For these reasons,

IT IS ORDERED:

The report and recommendation is rejected.  The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on November 18, 2013.

           s/Robert L. Hinkle
           United States District Judge